IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>      Plaintiffs,<br><br>vs.<br><br>ALICE CARDER,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.:  3:07CV15-MEF<br>)<br>)<br>)<br>) |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order dated February 5, 2007, a meeting was held on February 27, 2007 via telephone and was attended by:

- Kelly F. Pate on behalf of **Plaintiffs Atlantic Recording Corp., et al.**.

- Angela J. Hill on behalf of **Defendant Alice Carder**

1. **Pre-Discovery Disclosures**.  The parties will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) on or before **March 13, 2007**.

2. **Discovery Plan**.  The parties jointly propose to the Court the following discovery plan:

    The likely subjects of discovery are: The likely subjects of discovery are: (a) whether Defendant used an online media distribution system to copy and/or distribute Plaintiffs' copyrighted recordings without authorization in violation of Plaintiffs' exclusive rights under the Copyright Act; (b) whether such infringement was willful; (c) the amount of Plaintiffs' statutory damages, attorneys' fees, and costs; and (d) the issuance of injunctive relief.

    a.  All discovery commenced in time to be completed by **October 1, 2007**.

    b.  Maximum of 25 interrogatories by each party to each party.  Responses due 30 days after service.

c. Maximum of 25 requests for admission by each party to each party. Responses due 30 days after service.

d. Maximum of 25 requests for production of document by each party to each party. Responses due 30 days after service.

e. Maximum of 5 depositions by Plaintiffs to Defendant and 5 by Defendant to Plaintiffs. Each deposition is limited to eight hours.

f. Reports from retained experts under Rule 26(a)(2) due:

from Plaintiffs by **June 1, 2007**; and
from Defendant by **June 15, 2007**.

g. Supplementation under Rule 26(e) due reasonably upon knowledge of additional information.

h. Disclosure or discovery of electronically stored information should be handled as follows: The parties have agreed to work together to facilitate the discovery of electronically stored information. Both parties have been advised of their duty to preserve all evidence relating to this lawsuit, including the preservation of the computer hard drive, MP3 players, and any other electronic data storage device. Discovery shall include all relevant electronically stored information, including metadata and native file formats. Plaintiffs anticipate producing documents in hard copy and on compact disc. Plaintiffs further anticipate the need for forensic examination of Defendant's computer hard drive, to be completed in accordance with industry standards.

i. The parties agree to exert their best efforts to identify documents or material protected by the attorney-client privilege or the work-product doctrine prior to the disclosure of any such documents or material. Inadvertent disclosure of the privileged or protected material does not waive the privilege or protection. Upon discovering the inadvertent disclosure of such material, the disclosing party shall notify the receiving party. The receiving party shall immediately return or destroy the inadvertently produced documents or material, and all copies and derivations. Questions of privilege and protection shall ultimately be decided by the Court.

3. **Other Items**.

a. The parties do not request a conference with the Court before entry of the scheduling order.

b. The parties request a pretrial conference on or around **October 1, 2007**.

c. Plaintiffs should be allowed until **June 4, 2007** to join additional parties and to amend the pleadings.

Defendant should be allowed until **June 11, 2007** to join additional parties and to amend the pleadings.

d. All potentially dispositive motions should be filed on or before **July 3, 2007**.

e. Settlement cannot be realistically evaluated prior to the completion of preliminary discovery.

f. Final lists of trial evidence under Federal Rule of Civil Procedure 26(a)(3), both witnesses and exhibits, should be due from the parties on or before **September 26, 2007**.

g. Parties should have 14 days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

h. The case should be ready for trial by this Court's **November 5, 2007** trial term. At this time, the trial is expected to take approximately 2 days, excluding jury selection.

Respectfully submitted this 21st day of February, 2007.

/s/Kelly F. Pate
One of the Attorneys for Plaintiffs Atlantic Recording Corporation, Virgin Records America, Inc., SONY, BMG Music Entertainment, BMG Music, and UMG Recordings, Inc.

**OF COUNSEL:**
Dorman Walker (WAL086)
dwalker@balch.com
Kelly F. Pate (FIT014)
kpate@balch.com
Attorneys for Plaintiffs Atlantic Recording
  Corp., et al.
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549

          /s/Angela J. Hill
          One of the Attorneys for Defendant, Alice Carter

**OF COUNSEL:**
Robin F. Reynolds, P.C. (REY023)
Angela J. Hill, L.L.C. (HIL052)
ajhill_law@bellsouth.net
139 South Broadnax St.
Dadeville, AL 36853